UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 0410080GAO

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

RALPH J. VOLLMANN,
    Plaintiff

vs.

ROGER LYNN GRUBB and
ALLIED SYSTEMS LTD.,
    Defendants

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, ALLIED SYSTEMS LTD.

The plaintiff in the above entitled action, pursuant to Rule 34 of the Massachusetts Rules of Civil Procedure, requests that the defendant, **Allied Systems Ltd.**, produce the items listed in Exhibit A, which is attached hereto, for inspection and copying. The items are to be produced at the Law Offices of Nathan & Krevat, 159 Derby Street, Salem, Massachusetts 01970. The documents requested are to be produced within thirty (30) days of the date of the filing of this request.

The defendant may comply with this request at his option by forwarding a copy of all documents requested by counsel. Said copies are to be legible.

This request is to include any and all after acquired documents of the type and form requested.

Dated: 3/4/04

By Plaintiff's Attorney,

_(signature)_

Paul Nathan, Esquire
B.B.O.#: 367420
NATHAN & KREVAT
159 Derby Street
Salem, Massachusetts 01970
(978) 745-4455

I hereby certify that a true original of the above document was served upon the attorney of record for each party via first-class mail on 3/4/04

_(signature)_

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 0410080GAO

***

RALPH J. VOLLMANN,
    Plaintiff

vs.

ROGER LYNN GRUBB and
ALLIED SYSTEMS LTD.,
    Defendants

***

**Definition: The truck**: The truck and trailer operated by Roger Lynn Grubb at the time of the accident alleged in the complaint.

## EXHIBIT A

1. All insurance agreements or liability bonds which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the instant litigation or indemnify or reimburse the defendants for payments made to satisfy said judgment, which policies were in effect at the time of the incident referred to in the plaintiff's complaint and which policies covered the acts or alleged acts of negligence of the defendant. This request is to include the coverage selection pages for all types of insurance, whether primary or excess or catastrophe policies.

2. All operators reports filled out by an operator of a vehicle involved in the accident referred to in the plaintiff's complaint, whether directly or indirectly.

3. All operators reports of the motor vehicle accident filled out or completed by any person other than the defendant and which relate to the incident referred to in the plaintiff's complaint.

4. All police reports made by any other civic or municipal entity relating to the incident referred to in the plaintiff's complaint.

5. All photographs in the possession, custody, or control of the defendant which show and/or purport to show the scene of the accident as referred to on the plaintiff's complaint.

6. Any report relating to the accident for your insurance company prepared by or on behalf of the operator of defendant's vehicle as part of the operator's reporting of the accident.

7. All photograp... in ...e possession, custody, or co... ...ne defendant and which show and/or purport to show damage to the defendants motor vehicle involved in the accident referred to in the complaint.

8. All other photographs which the defendant claims may be related to any material element or aspect of the plaintiff's claim, or any of the defenses raised by the defendant.

9. All statement, signed or unsigned, written, oral or transcribed which were taken from or given by the defendant to any person, firm, entity, insurer, or other person which relate in any way to the incident referred to in the plaintiff's complaint. This request does not include statements given to or taken by defendant's attorneys.

10. All statements, signed or unsigned, written, oral, or transcribed which were taken from or given by any person relative to the incident referred to in the complaint or any affirmative defense pleaded by any defendant. This request does not include statements given to or taken by defendant's attorneys.

11. All documents in the possession, custody, or control of the defendant which relate to a description of any damage sustained to the defendant's truck in the incident referred to in the plaintiff's complaint, including but not limited to all repair estimates, repair orders, paid bills for repair, and receipts.

12. Any and all medical reports or medical records regarding the plaintiff, in the defendant's custody or possession, not produced by plaintiff.

13. All logs or time sheets for the seven day period prior to and including the date of the accident showing the times the defendant, Roger Lynn Grubb, was operating the vehicle during this time period.

14. The defendant's complete personnel file on defendant, Roger Lynn Grubb, including, but not limited to, his application for employment, performance reviews, salary and wage information, physical and mental health records, disciplinary records, warnings, and suspension notices.

15. Any dispatch sheets for defendant, Grubb's, trip taken on April 3, 2003.

16. The log books kept on the truck involved in the accident for the week of March 31, 2003 through April 4, 2003.

17. Bills of lading or other documentation showing the type of freight being carried and the weight of any load being carried by the truck at the time of the accident.

18. Any documents relating to any written safety program of defendant, Allied Systems Ltd., Inc., or Roger Lynn Grubb's employer, relative to the operation of trucks applicable at the time of the accident.

21. The driver's record of Roger Lynn Grubb.

22. Any written documentation of driver training provided to Roger Lynn Grubb from a period of five years prior to the accident to the present.

23. Any record of inspections of the truck involved in the accident after the accident in order to determine if any problem with the truck contributed to the accident.

By Plaintiff's Attorney,

Dated: 3/4/04

*(signature)*

Paul Nathan, Esquire
B.B.O.#: 367420
NATHAN & KREVAT
159 Derby Street
Salem, Massachusetts 01970
(978) 745-4455

I hereby certify that a true original of the above document was served upon the attorney of record for each party via first-class mail on *(signature)*
3/4/04