IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL DOCKET: 1:04-cv-10080-GAO

| | |
|---|---|
| RALPH VOLLMAN,<br>　　　　Plaintiff, | }<br>}<br>} |
| v. | }　**THIRD-PARTY COMPLAINT**<br>} |
| ROGER LYNN GRUBB and<br>ALLIED SYSTEMS, LTD.<br>　　　　Defendants. | }<br>}<br>}<br>} |

　　　　The third-party plaintiffs, Roger Lynn Grubb and Allied Systems, Ltd., allege as follows for their Third-Party Complaint against Showcase Isuzu:

### PARTIES AND JURISDICTION

　　　　1.　　Plaintiff, Ralph Vollman, filed a Complaint against the defendants/third-party plaintiffs, a copy of which is incorporated by reference herein and attached as Exhibit A.

　　　　2.　　The third-party plaintiff, Roger Lynn Grubb, is an individual with a residence at 379 Stafford Avenue, Newark, Delaware.

　　　　3.　　The third-party plaintiff, Allied Systems, Ltd., is a Georgia Limited Partnership organized and existing under the laws of Georgia with a principal place of business in Decauter, Georgia.

　　　　4.　　The third-party defendant, Showcase Isuzu, is a Massachusetts business with a principal place of business at 418 MacArthur Boulevard, Bourne, MA 02532.

　　　　5.　　The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§1331, 1332, and 1367.

　　　　6.　　The Court has personal jurisdiction over the third-party defendant pursuant to its residence in the Commonwealth of Massachusetts.

## COUNT I
### (Contribution and Indemnification)

7. Pursuant to the Complaint attached as Exhibit A, the plaintiff Ralph Vollman alleged that the defendants/third-plaintiffs negligently caused a motor vehicle accident on April 3, 2003 at 10:40 a.m. on MacArthur Boulevard in Bourne, Barnstable County, Massachusetts.

8. At the time of the accident, the third-party plaintiff, Roger Lynn Grubb, was acting in the course of his employment and was attempting to make a delivery of vehicles to the third-party defendant at a time and in a manner requested by the third-party defendant.

9. If the plaintiff, Ralph Vollman's, injuries were caused by the negligence of the third party plaintiffs, which is denied, then the third party defendant's negligence was the proximate cause of the plaintiff's injuries by requesting the manner of delivery and creating conditions or permitting conditions to exist that caused the accident.

10. The third-party defendant was negligent in one or more of the following:

   a. The third-party defendant requested the manner of delivery and permitted conditions to exist and/or created conditions at its premises that caused the third-party plaintiff, Roger Lynn Grubb, to back his vehicle onto McArthur Boulevard in the process of delivering vehicles when it knew or should have known of the potential hazard for delivery trucks and motor vehicle traffic.

   b. The third party defendant blocked off an exit/entrance at the premises that would have permitted a safer alternative for delivery trucks that would not have required backing out onto McArthur Boulevard.

   c. The third party defendant created conditions or permitted conditions to exist that created a potential hazard for delivery trucks and traffic safety by failing to mark, identify, or warn the third party plaintiffs of truck entrances or exits suitable for delivery of vehicles that did not require backing out onto MacArthur Boulevard.

    d.    The third party defendant failed to act as a reasonably prudent dealership concerning delivery of vehicles to the premises by trucks.

    e.    The third party defendant failed to warn the third party plaintiffs that backing onto MacArthur Boulevard would be required for delivery of the vehicles when it knew or should have know of the potential hazard for delivery trucks and motor vehicle traffic.

    f.    The third party defendant failed to have anyone present to assist with the delivery of the vehicles and/or to warn passing motorists of the delivery taking place when it knew or should have known of the potential hazards for delivery trucks and motor vehicle traffic.

12. As a result of the above, if the defendants/third-party plaintiffs are found liable to the plaintiff, which the defendants/third-party plaintiffs deny, then the third-party defendant is liable to the defendants/third-party plaintiffs for contribution or indemnification pursuant to Mass. G. L. c. 231b, *et seq*.

WHEREFORE, the defendants/third-party plaintiffs hereby demand judgment against the third-party defendant for all appropriate sums, including but not limited to, a pro rata share of any judgment that may be adjudged against the defendants/third-party plaintiffs in favor of the underlying plaintiff.

The third-party plaintiffs demand a trial by jury on all issues so triable.

Dated: February \_\_\_\_, 2005

By:_____
    N. Kane Bennett of
    **HALLORAN & SAGE, LLP**
    One Goodwin Square
    225 Asylum Street
    Hartford, CT 06103
    (860) 522-6103
    BBO# 636731
    Attorney for the Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record of each party on February ___, 2005.

Paul Nathan, Esq.
**Nathan & Pasquina**
159 Derby Street
Salem, MA 01970
(978) 745-4455
BBO#367420

 

_____
N. Kane Bennett
**HALLORAN & SAGE, LLP**
BBO# 636731
Attorney for the Defendants

534074-1(HSFP)