02/01/2005  16:35    9787444463                NATHAN KREVAT                      PAGE  03

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

## CIVIL ACTION NO:

***

RALPH J. VOLLMANN,
    Plaintiff

vs.

ROGER LYNN GRUBB and
ALLIED SYSTEMS LTD.,
    Defendants

***

## PARTIES AND JURISDICTION

1. Ralph J. Vollmann is domiciled at 73 Bryant Point Road, North Falmouth, Massachusetts.

2. The defendant, Roger Lynn Grubb is domiciled at 379 Stafford Avenue, Newark, Delaware.

3. The defendant, Allied Systems Ltd., is an existing and duly organized business located at 263 State Street, Chicago Heights, Illinois.

4. The United States District of Massachusetts has jurisdiction of this action by reason of diversity of citizenship of the parties. The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

## COUNT I

5. Plaintiff repeats paragraphs 1-3 as if expressly written and realleged herein.

6. Plaintiff Ralph J. Vollmann says that on April 3, 2003, at approximately 10:40pm, he was operating his motor vehicle with due care on MacArthur Boulevard in Bourne, Barnstable County, Massachusetts.

7. At or about the same time and location, Defendant Roger Lynn Grubb was owner and operator of a cab transporting a trailer owned by Defendant Allied Systems Ltd. on MacArthur Boulevard, Bourne, Barnstable County, Massachusetts.

8. Defendant Roger Lynn Grubb so carelessly and negligently operated his cab and trailer causing a collision with the vehicle that the Plaintiff, Ralph J. Vollmann, was operating.

9. As a direct and proximate result of Defendant Roger Lynn Grubb's negligence and the ensuing accident, Plaintiff sustained personal injuries, incurred costs for medical treatment, lost wages and earning capacity, was and continues to be restricted in his activities, and has otherwise been injured.

WHEREFORE, the Plaintiff, Ralph J. Vollmann, demands judgment against Defendant Roger Lynn Grubb in an amount determined by the trier of fact, plus interest and costs.

## COUNT II

10. Plaintiff repeats paragraphs 1-9 as if expressly written and realleged herein.

11. Defendant Allied Systems Ltd. was the registered owner of the trailer operated by Defendant Grubb at the time of the accident.

12. At the time of the accident alleged in the complaint, Defendant Grubb was in the course of his employment for Defendant Allied Systems Ltd. and was acting within the scope of his employment.

13. As such Defendant Allied Systems Ltd. had the right of control over Defendant Grubb's operation of the vehicle at all times herein concerned and is legally responsible for Defendant Grubb's negligence and the resulting injuries to the plaintiff.

14. As a direct and proximate result of the negligence for which the Defendant Allied Systems Ltd. is responsible, Plaintiff sustained personal injuries, incurred costs for medical treatment, lost wages and earning capacity, was and continues to be restricted in his activities, and has otherwise been injured.

WHEREFORE, the Plaintiff, Ralph J. Vollmann, demands judgment against Defendant Allied Systems Ltd. in an amount determined by the trier of fact, plus interest and costs.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

By Plaintiff's Attorneys,

Dated: 12/30/03

Paul Nathan, Esquire
B.B.O. #367420
NATHAN & KREVAT
159 Derby Street
Salem, Massachusetts 01970
(978) 745-4455