AO 441 (Rev. 8/01) Third Party Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ District of _____ Massachusetts

PLAINTIFF
   Ralph J. Vollman

V. DEFENDANT AND THIRD PARTY PLAINTIFF
   Roger Lynn Grubb and Allied Systems, Ltd.

**THIRD PARTY SUMMONS IN A CIVIL ACTION**

Case Number: 04-10080-GAO

V. THIRD PARTY DEFENDANT
   Showcase Isuzu

To: Name and address of Third Party Defendant

   Showcase Isuzu
   418 Macarthur Blvd.
   Borne, Massachusetts 02532

**YOU ARE HEREBY SUMMONED** and required to serve on

| PLAINTIFF'S ATTORNEY (name and address) | DEFENDANT AND THIRD-PARTY PLAINTIFF'S ATTORNEY (name and address) |
|---|---|
| Paul Nathan, Esq.<br>Nathan & Krevat<br>159 Derby Street<br>Salem, MA 01970<br>BBO # 367420 | N. Kane Bennett, Esq.<br>Halloran & Sage, LLP<br>One Goodwin Square<br>225 Asylum Street<br>Hartford, CT 06103<br>BBO# 636731 |

an answer to the third-party complaint which is served on you with this summons, within __20__ days after the service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default may be taken against you for the relief demanded in the third-party complaint. There is also served on you with this summons a copy of the complaint of the plaintiff. You have the option of answering or not answering the plaintiff's complaint, *unless* (1) this is a case within Rule 9(h) Federal Rules of Civil Procedure, *and* (2) the third-party plaintiff is demanding judgment against you in favor of the original plaintiff under the circumstances described in Rule 14(c) Federal Rules of Civil Procedure, in which situation you are required to make your defenses, if any, to the claim of plaintiff as well as to the claim of the third-party plaintiff. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

SARAH A. THORNTON            3/28/05
CLERK                                                  DATE

(By) DEPUTY CLERK

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record of each party on March 25, 2005.

Paul Nathan, Esq.
**Nathan & Pasquina**
159 Derby Street
Salem, MA 01970
(978) 745-4455
BBO#367420

_____
N. Kane Bennett
**HALLORAN & SAGE, LLP**
BBO# 636731
Attorney for the Defendants

534074-1(HSFP)

AO 441 (Rev. 8/01) Third Party Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me(1) | DATE 4/5/05 |
| NAME OF SERVER LEE M GRESH SR | TITLE Constable (Town of Bourne) |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the third-party defendant. Place where served:

☒ Left copies thereof at the third-party defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: Ms Kim Bedugnig, Brown Hair, Brown eyes 5", weight 115 Age 28

☐ Returned unexecuted:

☐ Other (specify):

Served at 418 MacArthur Blvd. Bourne MA 02532

**STATEMENT OF SERVICE FEES**

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 4/5/05
Time 11:10 AM

Signature of Server: Lee M Gresh

Address of Server: 749 Head of the Bay Rd Buzzards Bay, MA 02532

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

Dated: March 25, 2005

By: /s/ N. Kane Bennett

N. Kane Bennett of
**HALLORAN & SAGE, LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103
BBO# 636731
Attorney for the Defendants

FILED
CLERKS OFFICE

2005 APR 11  A 11: 35

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL DOCKET: 1:04-cv-10080-GAO

| | |
|---|---|
| RALPH VOLLMAN,<br>    Plaintiff, | }<br>}<br>} |
| v. | }  **THIRD-PARTY COMPLAINT** |
| ROGER LYNN GRUBB and<br>ALLIED SYSTEMS, LTD.<br>    Defendants. | }<br>}<br>}<br>} |

The third-party plaintiffs, Roger Lynn Grubb and Allied Systems, Ltd., allege as follows for their Third-Party Complaint against Showcase Isuzu:

## PARTIES AND JURISDICTION

1.   Plaintiff, Ralph Vollman, filed a Complaint against the defendants/third-party plaintiffs, a copy of which is incorporated by reference herein and attached as Exhibit A.

2.   The third-party plaintiff, Roger Lynn Grubb, is an individual with a residence at 379 Stafford Avenue, Newark, Delaware.

3.   The third-party plaintiff, Allied Systems, Ltd., is a Georgia Limited Partnership organized and existing under the laws of Georgia with a principal place of business in Decauter, Georgia.

4.   The third-party defendant, Showcase Isuzu, is a Massachusetts business with a principal place of business at 418 MacArthur Boulevard, Bourne, MA 02532.

5.   The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§1331, 1332, and 1367.

6.   The Court has personal jurisdiction over the third-party defendant pursuant to its residence in the Commonwealth of Massachusetts.

  d. The third party defendant failed to act as a reasonably prudent dealership concerning delivery of vehicles to the premises by trucks.

  e. The third party defendant failed to warn the third party plaintiffs that backing onto MacArthur Boulevard would be required for delivery of the vehicles when it knew or should have know of the potential hazard for delivery trucks and motor vehicle traffic.

  f. The third party defendant failed to have anyone present to assist with the delivery of the vehicles and/or to warn passing motorists of the delivery taking place when it knew or should have known of the potential hazards for delivery trucks and motor vehicle traffic.

  12. As a result of the above, if the defendants/third-party plaintiffs are found liable to the plaintiff, which the defendants/third-party plaintiffs deny, then the third-party defendant is liable to the defendants/third-party plaintiffs for contribution or indemnification pursuant to Mass. G. L. c. 231b, et seq.

  WHEREFORE, the defendants/third-party plaintiffs hereby demand judgment against the third-party defendant for all appropriate sums, including but not limited to, a pro rata share of any judgment that may be adjudged against the defendants/third-party plaintiffs in favor of the underlying plaintiff.

  The third-party plaintiffs demand a trial by jury on all issues so triable.

## COUNT I
### (Contribution and Indemnification)

7. Pursuant to the Complaint attached as Exhibit A, the plaintiff Ralph Vollman alleged that the defendants/third-plaintiffs negligently caused a motor vehicle accident on April 3, 2003 at 10:40 a.m. on MacArthur Boulevard in Bourne, Barnstable County, Massachusetts.

8. At the time of the accident, the third-party plaintiff, Roger Lynn Grubb, was acting in the course of his employment and was attempting to make a delivery of vehicles to the third-party defendant at a time and in a manner requested by the third-party defendant.

9. If the plaintiff, Ralph Vollman's, injuries were caused by the negligence of the third party plaintiffs, which is denied, then the third party defendant's negligence was the proximate cause of the plaintiff's injuries by requesting the manner of delivery and creating conditions or permitting conditions to exist that caused the accident.

10. The third-party defendant was negligent in one or more of the following:

   a. The third-party defendant requested the manner of delivery and permitted conditions to exist and/or created conditions at its premises that caused the third-party plaintiff, Roger Lynn Grubb, to back his vehicle onto McArthur Boulevard in the process of delivering vehicles when it knew or should have known of the potential hazard for delivery trucks and motor vehicle traffic.

   b. The third party defendant blocked off an exit/entrance at the premises that would have permitted a safer alternative for delivery trucks that would not have required backing out onto McArthur Boulevard.

   c. The third party defendant created conditions or permitted conditions to exist that created a potential hazard for delivery trucks and traffic safety by failing to mark, identify, or warn the third party plaintiffs of truck entrances or exits suitable for delivery of vehicles that did not require backing out onto MacArthur Boulevard.

Dated: March 25, 2005

By: /s/ NB
N. Kane Bennett of
**HALLORAN & SAGE, LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103
BBO# 636731
Attorney for the Defendants

    d.    The third party defendant failed to act as a reasonably prudent dealership concerning delivery of vehicles to the premises by trucks.

    e.    The third party defendant failed to warn the third party plaintiffs that backing onto MacArthur Boulevard would be required for delivery of the vehicles when it knew or should have know of the potential hazard for delivery trucks and motor vehicle traffic.

    f.    The third party defendant failed to have anyone present to assist with the delivery of the vehicles and/or to warn passing motorists of the delivery taking place when it knew or should have known of the potential hazards for delivery trucks and motor vehicle traffic.

12. As a result of the above, if the defendants/third-party plaintiffs are found liable to the plaintiff, which the defendants/third-party plaintiffs deny, then the third-party defendant is liable to the defendants/third-party plaintiffs for contribution or indemnification pursuant to Mass. G. L. c. 231b, et seq.

WHEREFORE, the defendants/third-party plaintiffs hereby demand judgment against the third-party defendant for all appropriate sums, including but not limited to, a pro rata share of any judgment that may be adjudged against the defendants/third-party plaintiffs in favor of the underlying plaintiff.

The third-party plaintiffs demand a trial by jury on all issues so triable.