IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL DOCKET: 1:04-CV-10080-GAO

RALPH VOLLMAN,
    Plaintiff

vs.

ROGER LYNN GRUBB and
ALLIED SYSTEMS, LTD.
    Defendants/Third-
    Party Plaintiffs

vs.

SHOWCASE ISUZU,
    Third-Party
    Defendant

## THIRD-PARTY DEFENDANT'S ANSWER TO THIRD-PARTY COMPLAINT AND AFFIRMATIVE DEFENSES

Now comes the third-party defendant, **Showcase Isuzu**, in the above entitled action and answers third-party complaint as follows:

### PARTIES AND JURISDICTION

1. The third-party defendant admits the allegations contained in Paragraph 1.

2. The third-party defendant has insufficient information to either admit or deny the allegations contained in Paragraph 2 and calls upon the third-party plaintiff, Roger Lynn Grubb, for proof of same

3. The third-party defendant has insufficient information to either admit or deny the allegations contained in Paragraph 3 and calls upon the third-party plaintiff, Allied Systems, Ltd., for proof of same.

4. The third-party defendant admits the allegations contained in Paragraph 4.

5. The third-party defendant admits the allegations contained in Paragraph 5.

6. The third-party defendant admits the allegations contained in Paragraph 6.

## COUNT I

7. The third-party defendant admits the allegations contained in Paragraph 7.

8. The third-party defendant denies the allegations contained in Paragraph 8.

9. The third-party defendant denies the allegations contained in Paragraph 9.

10.
   a. The third-party defendant denies the allegations contained in Paragraph 10a.

   b. The third-party defendant denies the allegations contained in Paragraph 10b.

   c. The third-party defendant denies the allegations contained in Paragraph 10c.

   d. The third-party defendant denies the allegations contained in Paragraph 10d.

   e. The third-party defendant denies the allegations contained in Paragraph 10e.

   f. The third-party defendant denies the allegations contained in Paragraph 10f.

12. The third-party defendant denies the allegations contained in Paragraph 12.

## **AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

By way of affirmative defense, the third-party defendant says that if the plaintiff suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct the third-party defendant was not and is not legally responsible.

**Second Affirmative Defense**

By way of affirmative defense, the third-party defendant says that the negligence of the plaintiff was greater than the alleged negligence of the third-party defendant and that such negligence of the plaintiff contributed to his alleged injury and, therefore, the plaintiff is barred from recovery under M.G.L. Chapter 231 Section 85.

**Third Affirmative Defense**

By way of affirmative defense, the third-party defendant says that the plaintiff was guilty of contributory negligence and that the damages, if any, recovered by the plaintiff from the third-party defendant should be reduced in proportion to the said negligence of the plaintiff in accordance with M.G.L. Chapter 231 Section 85.

**Fourth Affirmative Defense**

By way of affirmative defense, the third-party defendant says that the third-party defendant is exempt from liability to the plaintiff under the provisions of M.G.L. Chapter 90 Section 34M for all or part of the damages, loss or expenses claimed by the plaintiff.

**Fifth Affirmative Defense**

By way of affirmative defense, the defendant says that the plaintiff may not recover for damages for any alleged pain and suffering including mental suffering associated with the alleged injuries, under M.G.L. Chapter 231 Section 6D.

**Sixth Affirmative Defense**

By way of affirmative defense, the third-party defendant says that the third-party complaint fails to state a claim upon which relief may be granted.

**Seventh Affirmative Defense**

By way of affirmative defense, the third-party defendant denies it was negligent in any manner.

**Eighth Affirmative Defense**

By way of affirmative defense, the third-party defendant says that process was and is insufficient and the third-party complaint should be dismissed.

**Ninth Affirmative Defense**

By way of affirmative defense, the third-party defendant says that service of process was and is insufficient and the complaint should be dismissed.

**Tenth Affirmative Defense**

By way of affirmative defense, the third-party defendant says that at all relevant times the defendants/third-party plaintiffs, Roger Lynn Grubb and Allied Systems, Ltd., were trespassers upon the property owned by the third-party defendant, Showcase Isuzu.

Michael E. Okolita, Esquire
Donald E. Feener & Associates
120 Front Street, Suite 310
Worcester, MA 01608-1424
(508) 798-0717
BBO: 378255
**Attorney for Third-Party Defendant**

Dated:   April 25, 2005

## CERTIFICATE OF SERVICE

I hereby certify under the pains and penalties of perjury that I have on this day served a copy of the foregoing:

**Third-Party Defendant's Answer to Third-Party Complaint and Affirmative Defenses**

by mailing a copy of same postage prepaid to attorneys of record:

Paul Nathan, Esquire
Nathan & Pasquina
159 Derby Street
Salem, MA 01970
(978) 745-4455
BBO # 367420
**Attorney for the Plaintiff**

N. Kane Bennett
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103
BBO # 636731
**Attorney for Defendants/Third-Party Plaintiffs**

_____
Michael E. Okolita, Esquire

Dated: April 25, 2005