*Courtesy Copy*

ENTERED ON DOCKET

FILED
IN CLERK'S OFFICE   JUN 2 6 2006

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| In re: | Chapter 11 |
| ALLIED HOLDINGS, INC., *et al.* | Case Nos. 05-12515 through 05-12526 and 05-12528 through 05-12537 |
| Debtors. | (Jointly Administered) |
| | Judge Mullins |
| RALPH VOLLMAN, | |
| Movant, | |
| v. | CONTESTED MATTER |
| ALLIED SYSTEMS, LTD. | |
| Respondent. | |

## CONSENT ORDER MODIFYING AUTOMATIC STAY

This matter is before the Court on the Motion for Relief from Stay (the "Motion") filed by Ralph Vollman (the "Movant") against Allied Systems, Ltd. as debtor and debtor-in-possession in the above-captioned, jointly administered chapter 11 cases ("Allied").[1] It appears that this Court has subject matter jurisdiction over this contested matter; that the Motion presents a core proceeding; and that Allied and the Movant (each a "Party" and, collectively, the "Parties") agree to the modification of the automatic stay under the terms and conditions set forth below. It further appears that the Parties represent to the Court that neither Party has waived any of its respective rights as part of this agreement except as may be expressly stated herein. Accordingly, it hereby is ORDERED as follows:

---

[1] All capitalized terms not herein defined shall have the same meaning as under the Motion.

1. The Motion is granted solely on the terms and conditions set forth herein.

2. In the case of any inconsistency between the Motion and this consent order (the "Consent Order"), this Consent Order shall control.

3. The automatic stay imposed by 11 U.S.C. § 362(a) is hereby modified as to those certain personal injury tort claims asserted by the Movant against Allied set forth in the Motion (the "Claims"); provided, however, that the Movant may not, without further order of the Court and except as otherwise provided herein and/or in any plan of reorganization or liquidation that may be confirmed by the Court in these cases, execute, enforce, or collect any settlement or judgment from or against Allied or its estates.

4. The automatic stay imposed by 11 U.S.C. § 362(a) is hereby modified solely and only to the extent necessary to permit the Movant to (a) continue its existing Federal Court Action against Allied in respect of the Claims in order to proceed to final judgment, or settlement of, the Claims, and (b) attempt to recover any liquidated final judgment upon, or settlement of, the Claims from available insurance policies of Allied, if any, related to the Claims.

5. Nothing in this Consent Order will either (a) preclude Allied or any other party-in-interest from seeking to transfer venue of the Federal Court Action filed by Movant against Allied, or (b) constitute consent or submission by Movant to venue of the Federal Court Action in any court other than the United States District Court for the District of Massachusetts.

6. Nothing in this Consent Order will preclude the Movant from defending, responding or otherwise objecting to any action or motion filed by Allied or any other party-in-interest seeking to transfer venue of the Federal Court Action.

7. The agreement by Allied to the modification of the automatic stay on the terms and conditions set forth herein shall not be deemed an agreement by Allied to provide assistance

to the Movant or to cooperate in any way with the efforts of the Movant to prosecute the Claims or to attempt to secure payment on the claims under any available coverage, if any, provided by an insurer.

8. Nothing contained herein shall be deemed an admission of liability on the part of Allied or any insurer with respect to the Claims.

9. Nothing in this Order precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any alleged applicable policy.

10. Allied shall, within three (3) days of entry of this Consent Order, cause a copy of this Order to be served upon each of the parties listed on the Master Service List (as such term is defined in the Order Establishing Notice Procedures entered on August 2, 2005 in these jointly administered cases) and the Movant. Allied shall also file a certificate of service with the Court showing that service in accordance with this Order has been properly effectuated.

11. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Consent Order.

SO ORDERED this 21 day of June 2006.

_____
C. Ray Mullins
UNITED STATES BANKRUPTCY JUDGE

**Prepared and presented by:**

TROUTMAN SANDERS LLP

_____/s/ Vivieon E. Kelley_____
Ezra H. Cohen (GA State Bar No. 173800)
Jeffrey W. Kelley (GA State Bar No. 412296)
Harris B. Winsberg (GA State Bar No. 770892)
Vivieon E. Kelley (GA State Bar No. 143033)
Bank of America Plaza
600 Peachtree Street, N.E. - Suite 5200
Atlanta, Georgia 30308-2216
Telephone No.: (404) 885-3000
**Counsel for the Debtors**


Seen and Agreed:


ARNALL, GOLDEN, GREGORY LLP

_____Frank N. White (with express permission)_____
Frank N. White (GA State Bar No. 753377)
171 17th Street N.W.
Suite 2100
Atlanta, Georgia 30363-1031
Tel: 404-873-8500
**Counsel for Ralph Vollman**

1655719v.3