# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RALPH J. VOLLMAN, )<br>)<br>    Plaintiff, )<br>)<br>)<br>)<br>)<br>ROGER LYNN GRUBB and )<br>ALLIED SYSTEMS, LTD., )<br>)<br>    Defendants and Third )<br>    Party Plaintiffs, )<br>)<br>  v. )<br>)<br>SHOWCASE IZUZU, )<br>)<br>    Third-Party Defendant. )<br>_____/ | CIVIL ACTION FILE<br>NO. 04-10080-GAO |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCLOSURE OF INSURANCE INFORMATION

Defendants Roger Lynn Grubb and Allied Systems, Ltd. ("Defendants") respond as follows to Plaintiff's Motion to Compel:

I. **SUMMARY OF DEFENDANTS' RESPONSE**

During the course of this litigation, Defendants believed they had complied with the mandates of Fed.R.Civ.P 26(a)(1)(D) by producing the following insurance policies:

1

1. Policy No. ISA H07934312 issued by ACE American Insurance Company, attached as Exhibit 1;

2. Policy No. 01-A2-FF-0000024-0000 issued by American Alternative Insurance Corporation, attached as Exhibit 3; and

4. Policy No. UM 001160Y issued by Zurich Specialties London Limited, attached as Exhibit 3.

Collectively, these polices reflect $2,000,000 in "primary" coverage, an initial "excess" lawyer of $3,000,000, and an additional "excess" layer of $20,000,000, which may be available to satisfy any judgment rendered in Plaintiff's favor.  Exhibits 1-3.  Defendants did not produce reinsurance policies or the master insurance program agreement under the mistaken belief they were not within the scope of Rule 26(a)(1)(D).   Defendants agree these documents are discoverable and they are attached as Exhibits 4-6.  See Tardiff v. Know County, 224 F.R.D. 522, 523-524 (D. ME 2004); Gulf Ins. Co. v. Skyline Displays, Inc., 2002 U.S. Dist. LEXIS 26511, **13-14, attached respectively as Exhibits 7 and 8.[1]

Defendants believe that with the production of these additional insurance agreements, they have fully complied with Rule 26(a)(1)(D). Although Plaintiff's motion is a bit unclear what additional documents

---

[1] Plaintiff did not formalize his request for additional documents as required under L.R. 37.1 before filing his motion, so Defendants could not address this matter before this response.

Plaintiff believes he is entitled to under Rule 26 (he does not ask specifically for the attached reinsurance agreements), his position apparently is that Rule 26 requires the production of certain Allied financial documents, i.e. letters of credit (Motion to Compel, pp. 1 – 2, No. 1), documents pertaining to Allied's captive carriers in addition to the reinsurance agreements attached to Defendants' response (Id., No. 2), documents Allied has filed with the U.S. Department of Transportation in addition to the "primary" policy attached as Exhibit 1(Id., No. 3), and any documents addressing whether ACE must "drop down" and provide first dollar coverage under the "primary" policy, other than what is contained in Endorsement No. 13 of the "Primary" policy. (Id., No. 4).

Defendants do not believe these additional documents fall within the scope of Rule 26 (a)(1)(D). Accordingly, Plaintiff's motion should be denied as moot.

II. **ADDITIONAL FACTS MATERIAL TO THIS DISCOVERY DISPUTE**

Plaintiff initiated this action in December of 2003. On August 1, 2005, Allied filed for bankruptcy protection. See Exhibit 9. On June 21, 2006, the Bankruptcy Court entered an order lifting the automatic stay, which allowed Plaintiff to again proceed with this action. See Exhibit 10. Under the terms of the Court's order, Plaintiff is precluded from satisfying

3

any judgment rendered in his favor from any of Allied's assets.  Exhibit 10, ¶3.

In effect, Plaintiff's recovery in this litigation, if at all, will be limited to the insurance proceeds available under Allied's 2003 insurance program. See Exhibits 1-6.  Endorsement Number 4 to the "primary" policy indicates Allied has a $2,000,000 deductible, i.e. the $2,000,000 limits under the policy must be paid by Allied, subject to certain conditions and circumstances.  Exhibit 1, Endorsement No. 4.  Defendants understand that Plaintiff has been informed by ACE, the "primary" policy underwriter, that it believes it is not required to "drop down" and provide first dollar insurance coverage to Defendants even in light of Allied's bankruptcy.  If this is so, Plaintiff must first obtain a verdict in excess of $2,000,000 before he can collect on the judgment.

Plaintiff apparently takes the position that under the mandatory filing requirements of the Federal Motor Carrier Act, in particular the MSC Form 90 Endorsement, ACE is obligated to "drop down" and provide first dollar coverage.  See Exhibit 1, Endorsement No. 13.  Specifically, Plaintiff apparently relies upon the following language contained in the MCS Form 90 endorsement:

> In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the

4

company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle was specifically described in the policy and whether or not such negligence occurs on any route or any territory authorized to be served by the insured or elsewhere . . . it is understood and agreed that no condition, provision, stipulation or limitation contained in the policy, this endorsement, or any other endorsement thereon, or in violation thereof, shall relieve the company from liability or from the payment of any final judgment, within the limits of liability herein described, irrespective of the financial condition, insolvency or bankruptcy of the insured.  However, all terms, conditions, and limitations in the policy to which the endorsement is attached shall remain in full force and effect as binding between the insured and the company.  The insured agrees to reimburse the company for any payment made by the company on account of any accident, claim, or suit involving a breach of the terms of the policy and for any payment the company would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement.

Exhibit 1, Endorsement 13 (MCS 90).

From the Defendants' perspective, this is a matter reserved for a subsequent declaratory judgment action.  In any event, Defendants have supplied Plaintiff with the insurance information mandated by Rule 26(a)(1)(D).

5

III. **<u>ARGUMENT AND CITATION OF AUTHORITY</u>**

Rule 26 provides the party must provide to all other parties, other documents:

> . . . any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Fed.R.Civ.P 26(a)(1)(D).

To Defendants' knowledge, the attached documents are the only "insurance agreements" issued by "any person carrying on an insurance business" that may provide coverage for this litigation.[2] Defendants are not required to produce documents collateral to the insurance agreements. <u>See e.g., Gulf Ins. Co.</u>, 2002 U.S. Dist. LEXIS 26511 at *14 (Exhibit 8).

Allied's letters of credit are financial documents, not "insurance agreements." Moreover, Allied is not an "insurance company," so Rule 26(a)(1)(D) is not implicated. Defendants have produced the only known policy issued by a captive insurer applicable to this loss (Exhibit 5). The policy Allied filed with the U.S. Department of Transportation is the "primary" policy (Exhibit 1), as clearly denoted on Endorsement Number 13

---

[2] Allied has no position as to whether coverage is actually provided under the policies nor the priority of coverage.

of Exhibit 1. The application of the "drop down" language contained in Endorsement Number 13 to Exhibit 1 is simply a legal issue that will require a Court's attention in some different forum. Defendants have no further insurance agreements expanding upon this issue.

IV. **CONCLUSION**

For the foregoing reasons, Defendants request the Court deny Plaintiff's Motion to Compel as moot.

This 4th day of August, 2006.

S/HOWARD J. RUSSELL
Howard J. Russell
BBO#651397
State Bar of Georgia No. 630632
Alan M. Maxwell
State Bar of Georgia No. 478625
Admitted Pro Hac Vice
Amber E. Tuggle
State Bar of Georgia No. 246719
Admitted Pro Hac Vice

**WEINBERG, WHEELER HUDGINS, GUNN & DIAL, LLC**
950 East Paces Ferry Road,
Suite 3000
Atlanta, Georgia 30326
(404) 876-2700
(404) 875-9433 (fax)

ATTORNEYS FOR ROGER LYNN GRUBB and ALLIED SYSTEMS, LTD., DEFENDANTS and THIRD PARTY PLAINTIFFS

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each party electronically via CM/ECF and/or via first class mail on August 4, 2006.

Attorney for Plaintiff, Ralph J. Vollman
Paul Nathan, Esq.
Leah M. Constantine-Topin
NATHAN & KREVAT
159 Derby Street
Salem, Massachusetts 01970

Attoeny for Showcase Isuzu, Third Party Defendant
Michael E. Okolita, Esq.
DONALD E. FEENER & ASSOCIATES
120 Front Street, Suite 310
Worcester, MA  01608-1424

                        S/HOWARD J. RUSSELL
                        Howard J. Russell
                        BBO#651397
                        State Bar of Georgia No. 630632
                        Alan M. Maxwell
                        State Bar of Georgia No. 478625
                        Admitted Pro Hac Vice
                        Amber E. Tuggle
                        State Bar of Georgia No. 246719
                        Admitted Pro Hac Vice

                        **WEINBERG, WHEELER**
                        **HUDGINS, GUNN & DIAL, LLC**
                        950 East Paces Ferry Road,
                        Suite 3000
                        Atlanta, Georgia 30326
                        (404) 876-2700
                        (404) 875-9433 (fax)

ATTORNEYS FOR ROGER
LYNN GRUBB and ALLIED
SYSTEMS, LTD., DEFENDANTS
and THIRD PARTY PLAINTIFFS