# EXHIBIT 8

# DEFENDANTS RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

Source: Legal > Cases - U.S. > Federal & State Cases, Combined ⓘ
Terms: **"fed. r. civ. p. 26(a)(1)(d)" /p reinsurance or captive** (Edit Search | Suggest Terms for My Search)

⬦Select for FOCUS™ or Delivery
☐

*2003 U.S. Dist. LEXIS 26511, \**

Gulf Insurance Company, a Missouri corporation Plaintiff v. Skyline Displays Inc., a Minnesota corporation; and Gordon Savoie, a Minnesota resident defendant. Defendants; Skyline Displays Inc., a Minnesota corporation, Plaintiff v. Gulf Insurance Company, a Missouri corporation Defendant

Civil No. 02-CV-3503(DSD/SRN), Civil No. 02-CV-3632(DSD/SRN)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA

2003 U.S. Dist. LEXIS 26511

October 20, 2003, Decided
October 20, 2003, Filed

**SUBSEQUENT HISTORY:** Summary judgment granted, in part, summary judgment denied, in part by, Motion to strike denied by, Motion to strike granted by Gulf Ins. Co. v. Skyline Displays, Inc., 361 F. Supp. 2d 986, 2005 U.S. Dist. LEXIS 4480 (D. Minn., 2005)

**PRIOR HISTORY:** Gulf Ins. Co. v. Skyline Displays, Inc., 2003 U.S. Dist. LEXIS 26509 (D. Minn., Apr. 22, 2003)

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Plaintiff insured sued defendant insurance company alleging breach of contract and breach of the implied covenant of good faith and fair dealing. The insured also requested a declaratory judgment as to the rights and duties of the parties under the insurance policy. The insured moved to compel discovery from the insurance company.

**OVERVIEW:** The insured manufactured, sold and rented trade show displays. The insured purchased a directors and officers liability and company indemnification policy. The insured was sued by a former employee and the suit was settled. The insured the settlement to the insurance company who denied coverage for the claims. The court found that because the parties interpreted critical terms of the policy differently, and because the scope of the rules of discovery were broad, the requests for extrinsic evidence was discoverable. For those documents for which the insurance company claimed a proprietary privilege, the insurance company could draft a protective order to address its concerns or provide documents to the court for in camera review. The requested drafting history discovery was relevant to the litigation and while the estimated search and review could be time-consuming, it was not "unduly burdensome." However, the insurance company only had to produce what was required under **Fed. R. Civ. P. 26(a)(1)(D)**, if it had not done so previously.

**OUTCOME:** The insured's motion to compel was granted with regard to discovery requests

except that it was denied in part with regard to the production of **reinsurance** agreements.

**CORE TERMS:** discovery, requested discovery, interrogatory, log, drafting, proprietary, responsive, reinsurance, burdensome, coverage, extrinsic evidence, protective order, in camera, handling, unduly, correspondence, production of documents, relevance, wording, requested information, underlying litigation, work product, destruction, privileged, marketing, retention, provide information, burden of producing, applicability, undersigned

## LexisNexis(R) Headnotes ♦ Hide Headnotes

Civil Procedure > Discovery > Methods > General Overview

Civil Procedure > Discovery > Relevance

Criminal Law & Procedure > Defenses > General Overview

*HN1* See Fed. R. Civ. P. 26(b).

Civil Procedure > Discovery > Relevance

*HN2* The general scope of discovery is to be construed broadly and encompasses any matter that bears on, or that reasonably could bear on, any issue that is or may be in the case. More Like This Headnote

Insurance Law > Claims & Contracts > Policy Interpretation > Ambiguous Terms > General Overview 

Insurance Law > Claims & Contracts > Policy Interpretation > Parol Evidence > Extrinsic Evidence

*HN3* When an insurance policy is ambiguous, a court may consider extrinsic evidence in order to ascertain the insurer's intent or to explain the meaning of the policy provision. More Like This Headnote

Civil Procedure > Discovery > Methods > General Overview

Civil Procedure > Discovery > Privileged Matters > Work Product > General Overview

Evidence > Privileges > Attorney-Client Privilege > Scope

*HN4* Under the federal rules, a party who withholds information based on privilege shall make the claim expressly and shall describe the nature of the documents, communications or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection. Fed. R. Civ. P. 26(b)
(5). More Like This Headnote



Civil Procedure > Discovery > Methods > Interrogatories > General Overview

Civil Procedure > Discovery > Methods > Requests for Production & Inspection

Civil Procedure > Discovery > Privileged Matters > General Overview

*HN5* The Federal Rules of Civil Procedure require that objections to interrogatories or to

requests for production of documents be stated with specificity. Fed. R. Civ. P. 33, 34(b). A boilerplate objection on grounds of privilege is therefore inadequate because it fails to articulate the particular harm that would result if the party were required to respond. More Like This Headnote

Civil Procedure > Discovery > Disclosures > Mandatory Disclosures

Civil Procedure > Discovery > Methods > General Overview

Civil Procedure > Judgments > General Overview

*HN6* Under **Fed. R. Civ. P. 26(a)(1)(D)**, a party must provide to other parties, without awaiting a discovery request any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment. More Like This Headnote

Civil Procedure > Discovery > Disclosures > Mandatory Disclosures

Civil Procedure > Discovery > Methods > General Overview

Insurance Law > Reinsurance > General Overview

*HN7* **Fed. R. Civ. P. 26(a)(1)(D)** requires a disclosure of only the insurance agreement itself, not the underlying drafts, correspondence, negotiations, and the like. More Like This Headnote

**COUNSEL:** [*1] For Laurie A. Kindel, Esq., on behalf of Skyline Displays, Inc.

For John S. Lindemann, Esq., on behalf of Gulf Insurance Co.

**JUDGES:** SUSAN RICHARD NELSON, United States Magistrate Judge

**OPINIONBY:** SUSAN RICHARD NELSON

**OPINION: ORDER**

SUSAN RICHARD NELSON, United States Magistrate Judge

The above entitled matter came before the undersigned United States Magistrate Judge on July 21, 2003 on Skyline Displays' Motion to Compel Discovery from Gulf Insurance Company (Civil No. 02-3632, Doc. No. 31 and Civil No. 02-3503, Doc. No. 38). This case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, Skyline's motion is granted in part and denied in part.

**I. BACKGROUND**

Skyline Displays Inc. ("Skyline"), a corporation that manufactures, sells and rents trade show displays, purchased a directors and officers liability and company indemnification insurance policy ("D & O Policy") from Gulf Insurance Company ("Gulf) for the period from December 31, 1998 through December 31, 1999. In 1999, Skyline employee, officer, director and shareholder Bryan Beaulieu and his [*2] wife, also a Skyline employee, sued Skyline for wrongful termination of employment. When the matter settled, Skyline tendered the

settlement to Gulf, who ultimately denied coverage for the claims alleged by the Bcaulieus.

As a result of the denial of coverage, Skyline commenced suit against Gulf alleging breach of contract and breach of implied covenant of good faith and fair dealing. Skyline additionally requests a declaratory judgment as to the rights and duties of the parties under the policy.

Gulf also filed suit against Skyline seeking declaratory judgment that the policy at issue provided no coverage for Skyline's claims.

## II. PARTIES' POSITIONS

Skyline served interrogatories and requests for production of documents seeking discovery in three general areas:

(1) Development, drafting and marketing of the particular policy and policy form and its wording;

(2) Information related to Gulf's claims handling process; and

(3) Information related to Gulf's analysis of the coverage for the underlying litigation.

(Skyline's Mem. in Supp. Mot. to Compel at 5.)

In its Motion to Compel, Skyline contends that Gulf's responses are inadequate, Gulf improperly **[*3]** invokes the attorney-client and work product privileges, misstates that its production is complete, fails to perform a comprehensive document search and simply fails to produce the requested documents.

In response, Gulf asserts that the information Skyline seeks is irrelevant and that production of documents would be burdensome and costly. Gulf also argues that because Skyline has not established that provisions in the D & O Policy are ambiguous, nor has it sought a declaration of ambiguity, it is not entitled to "drafting history" discovery.

## III. DISCUSSION

Federal Rule of Civil Procedure 26(b) provides for the broad scope of discovery:

> *HN1*☆Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. **[*4]**

*HN2*☆The general scope of discovery is to be construed broadly and encompasses any matter that bears on, or that reasonably could bear on, any issue that is or may be in the case.

Great West Life Assur. Co. v. Levithan, 152 F.R.D. 494 (E.D. Pa. 1994).

Skyline seeks discovery of extrinsic evidence related to the terms and conditions of the D & O Policy. Gulf refuses to produce the requested information, arguing that the terms of the Policy are unambiguous, and it is therefore not required to produce extrinsic evidence regarding the scope and interpretation of the policy. At the motions hearing, the parties made clear that they interpret critical terms of the Policy differently. See, e.g., Hearing Transcript of 7/21/03 at 80. *HN3*When a policy is ambiguous, a court may consider extrinsic evidence in order to ascertain the insurer's intent or to explain the meaning of the policy provision. See, e.g., Holm v. Mutual Serv. Cas. Ins. Co., 261 N.W.2d 598, 600 (Minn. 1977); Utica Mut. Ins. Co. v. Emmco Ins. Co., 309 Minn. 21, 243 N.W.2d 134, 138 (Minn. 1976). Considering the broad scope of the rules of discovery, the Court finds that extrinsic evidence **[*5]** is discoverable. The Court will address the relative burden of producing this discovery below.

Gulf has also asserted objections to specific discovery requests based on attorney-client, work product or proprietary privileges. *HN4*Under the Federal Rules, a party who withholds information based on privilege:

> shall make the claim expressly and shall describe the nature of the documents, communications or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Fed. R. Civ. P. 26(b)(5).

*HN5*The Rules further require that objections to interrogatories or to requests for production of documents be stated with specificity. Fed. R. Civ. P. 33, 34(b). A boilerplate objection on grounds of privilege is therefore inadequate because it fails to articulate the particular harm that would result if the party were required to respond. St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp., 198 F.R.D. 508, 512 (N.D. Iowa 2000). **[*6]** While Gulf has previously provided a privilege log to Skyline, Skyline contends that it is not responsive to the discovery served in May 2003 and does not provide information sufficient for Skyline to determine the applicability of the privilege. The Court therefore orders that Gulf comply with the requirements of the Federal Rules of Civil Procedure by producing within 30 days from the date of this Order a privilege log identifying all documents or information for which it claims privilege and providing sufficient bases for its asserted privilege. For those documents for which it claims a proprietary privilege, Gulf can draft a protective order to address its concerns or provide documents to the Court for in camera review.

## A. Development, Drafting and Marketing of the D & O Policy, Policy Form and Wording

Skyline has requested discovery relating to the development, drafting and marketing of the D & O Policy, Policy form and its wording. n1 Gulf argues that such discovery is irrelevant, unduly burdensome, that the term "policy form" is vague and that much of this information is protected by the work product doctrine. Skyline, on the other hand, contends that the terms and **[*7]** conditions of the manuscript policy and subsequent underwriting are relevant to Gulf's intent, that it has specifically defined "policy" and "policy form" within its requests and that the work product doctrine is inapplicable. Skyline argues that materials such as an insurance policy's drafting history are produced in an insurance company's "ordinary course of business" and are not prepared in anticipation of litigation.

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - -

n1 Specifically, as to "drafting history" discovery, Skyline moves to compel answers to its Document Request Nos. 2, 3, 4, 6, 7, 8, 9, 16, 17 and 20 and to Interrogatory Nos. 2, 4, 8, 9, 10 and 13.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

The Court finds that the terms "policy" and "policy form," as defined in Skyline's discovery requests, n2 are not vague and that the requested drafting history discovery is relevant to this litigation. As to Gulfs work product concerns, for such documents or information for which Gulf asserts privilege, it must produce a detailed privilege log. Similarly, with respect to documents or information for **[*8]** which Gulf asserts a proprietary privilege, it can address its concerns via a protective order or submit the documents to the Court for in camera review.

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - -

n2 Skyline defines "policy" as "Directors and Officers' Liability and Company Indemnification Insurance Policy, policy no. GA 05836865 for the period December 31, 1998 to December 31, 1999" and "policy form" as "the policy forms CIRI-73000 (08/96); CIRI-manuscript; and CIRI-manuscript (5/98) 6/29/98 version; and any subsequent versions of the forms of the wording therein as used to create the Policy sold to Skyline." (Skyline Mot. Compel at 15-15, citing Kindel Aff., Ex. I).

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

At the Court's request, Gulf submitted an affidavit from Michael Fagan, Senior Claims Counsel, describing the burden of producing the requested drafting history information. (Aff. of Michael Fagan.) Mr. Fagan estimated that identifying potentially relevant documents would take two to three work weeks by two Gulf employees and the review of such documents might take a "significant amount **[*9]** of time," as well as additional time for outside defense counsel's further review. (Aff. of Michael Fagan at 4.) Balancing this burden against the broad scope of discovery and potential relevance of the information sought, the Court finds that while the estimated search and review may well be time-consuming, it is not "unduly burdensome," and Gulf must produce the responsive documents and/or provide a privilege log and/or submit documents for in camera review within 30 days from the date of this Order.

## B. Claims Handling Process

Skyline seeks the production of documents and information relating to Gulf's claims handling process. n3 Gulf objects to the requested discovery on various grounds including relevance, burden, privilege, and that it seeks extrinsic evidence. Following the motions hearing, Gulf confirmed that it had no written "guidelines, policies, rules, instructions, operating procedures, or claims manuals that apply to the Policy and policy form," responsive to Skyline's Document Request No. 10, and that there was no training provided to underwriters and claims personnel regarding the Policy and policy form, in response to Skyline's Interrogatory No. 12. (Letter **[*10]** of 8/8/03 from J. Lindemann to L. Kindel.)

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - -

n3 Skyline requests this information in its Document Request No. 10 and Interrogatory No. 12.

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

While Gulf may have produced all responsive documents in its possession, it is unclear to the Court whether Gulf conducted a narrow search for the requested information in light of its objections. To the extent that Gulf provided only those documents or the information to which it did not object, the Court orders it to produce all responsive documents or information. The requested discovery is relevant, not unduly burdensome and is subject to discovery. Furthermore, as to any discovery which Gulf withholds based on privilege or confidentiality, Gulf is ordered to provide a detailed privilege log and, as to any proprietary documents, a protective order. Gulf may also produce in camera any of its claims handling files for which it continues to assert a privilege. Accordingly, Skyline's motion to compel claims handling discovery is granted to the extent that Gulf has not produced **[\*11]** all responsive documents and a detailed privilege log.

## C. Gulfs Analysis of Coverage for the Underlying Litigation

Skyline has requested documents and information pertaining to Gulf's analysis of the coverage for the underlying litigation. n4 Gulf's objections to the requested discovery included objections as to relevance and privilege. In its August 8 letter, Gulf indicates that it 'stands by its previous responses,' noting that it has produced the claims file, "subject to Gulf's privilege claims." As to its assertions of privilege, Gulf must provide a detailed privilege log for all documents or information for which it asserts privilege. As to any proprietary documents, Gulf must draft a protective order and/or produce in camera any of its responsive documents for which it continues to assert a privilege. Accordingly, Skyline's motion to compel coverage analysis is granted.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n4 Skyline requests this discovery in Document Request Nos. 11, 12, 14 and 19 and Interrogatory No. 5.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

## D. Other Discovery Requests [\*12]

Skyline seeks discovery of information about Gulf's reserves. n5 While Gulf argues that Skyline offers no explanation for the relevance of such information, Skyline states that it may lead to statements or positions that Gulf has taken regarding the availability of coverage. Also, Skyline asserts that the setting of reserves may establish whether Gulf acted in good faith and consistent with its own policies and procedures when it denied coverage. Gulf asserts that such discovery is irrelevant, unduly burdensome and protected as work-product. The Court finds that Skyline's interrogatory seeks relevant information, is not unduly burdensome, and to the extent that it seeks confidential or proprietary information, Gulf may address those concerns via a protective order or by filing its response under seal.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n5 Skyline requests discovery regarding reserves in Interrogatory No. 15.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - -

Skyline has also requested discovery relating to reinsurance agreements. n6 Skyline argues that Federal Rule of Civil Procedure 26 [*13] requires Gulf to provide information about reinsurance in its initial disclosures. In addition, Skyline contends, if Gulf communicated with its reinsurers about the Policy, such communications might clarify the proper interpretation of the Policy. Gulf responds that the requested discovery is not relevant and may impinge upon its confidential and proprietary business information.

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - -

n6 Skyline requests discovery regarding reinsurance in Interrogatory Nos. 16 & 17 and Document Request No. 18.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - -

*HN6* Under Federal Rule of Civil Procedure 26(a)(1)(D), a party must provide to other parties, without awaiting a discovery request:

> ... any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

The Federal Rules thus *HN7* require a disclosure of only the insurance agreement itself, not the underlying [*14] drafts, correspondence, negotiations, and the like. See. Potomac Elec. Power Co. v. California Union Ins. Co., 136 F.R.D. 1 (D. D.C. 1990)(permitting discovery of the existence and contents of **reinsurance** policies, but not correspondence and documents related to **reinsurance** agreements where insured only speculated that correspondence could contain admissions by insurers, and correspondence may have contained proprietary information or have been privileged). With the exception of any insurance agreement itself, what Skyline requests falls outside the purview of **Fed. R. Civ. P. 26(a)(1)(D)**, and appears to be not relevant or reasonably calculated to lead to the discovery of admissible evidence. The Court therefore orders Gulf to produce only what is required under **Fed. R. Civ. P. 26 (a)(1)(D)**, if it has not done so previously: "any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Thus, the Court grants Skyline's [*15] motion in part and denies it in part.

Skyline also seeks discovery of document retention or destruction policies. n7 In response, Gulf directs Skyline to its claims and underwriting file, which Skyline asserts does not contain the requested information. The Court orders Gulf to either produce the requested discovery, or, if no such documents exist, to amend its prior discovery responses accordingly.

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - -

n7 Skyline requests the document retention/destruction discovery in Document Request No. 21.


- - - - - - - - - - - End Footnotes- - - - - - - - - - - - -

In its Motion to Compel, Skyline also seeks responses to discovery regarding premium calculations. n8 While Gulf argues that such discovery has no bearing on the coverage issues presented in the litigation, the Court finds that these requests are relevant and narrowly-drawn. Skyline's motion is therefore granted and Gulf must produce the requested discovery within 30 days from the date of this Order.

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - -


n8 Skyline requests premium-related discovery in Document Request No. 13 and Interrogatory No. 14.


- - - - - - - - - - - End Footnotes- - - - - - - - - - - - -

**[*16]**

**THEREFORE, IT IS HEREBY ORDERED that:**

1. Defendant Skyline's Motion to Compel (Civil No. 02-3632, Doc. No. 31 and Civil No. 02-3503, Doc. No. 38) is **GRANTED** as to the production of drafting history discovery (Skyline's Document Request Nos. 2, 3, 4, 6, 7, 8, 9, 16, 17 and 20 and Interrogatory Nos. 2, 4, 8, 9, 10 and 13) and Gulf must produce the requested discovery/privilege log within 30 days from the date of this Order; and

2. Defendant Skyline's Motion to Compel (Civil No. 02-3632, Doc. No. 31 and Civil No. 02-3503, Doc. No. 38) is **GRANTED** as to the production of claims handling process discovery (Skyline's Document Request No. 10 and Interrogatory No. 12) and Gulf must produce the requested discovery/privilege log within 30 days from the date of this Order;

3. Defendant Skyline's Motion to Compel (Civil No. 02-3632, Doc. No. 31 and Civil No. 02-3503, Doc. No. 38) is **GRANTED** as to the production of analysis of coverage discovery (Skyline's Document Request Nos. 11, 12, 14 and 19 and Interrogatory No. 5) and Gulf must produce the requested discovery/privilege log within 30 days from the date of this Order; and

4. Defendant Skyline's **[*17]** Motion to Compel (Civil No. 02-3632, Doc. No. 31 and Civil No. 02-3503, Doc. No. 38) is **GRANTED** as to the production of discovery pertaining to reserves (Skyline's Interrogatory No. 15) and Gulf must produce the requested discovery/privilege log within 30 days from the date of this Order; and

5. Defendant Skyline's Motion to Compel (Civil No. 02-3632, Doc. No. 31 and Civil No. 02-3503, Doc. No. 38) is **GRANTED IN PART** and **DENIED IN PART** as to the production of reinsurance agreements (Skyline's Document Request No. 18 and Interrogatory Nos. 16 and 17) and Gulf must produced the requested discovery/privilege log within 30 days from the date of this Order; and

6. Defendant Skyline's Motion to Compel (Civil No. 02-3632, Doc. No. 31 and Civil No. 02-3503, Doc. No. 38) is **GRANTED** as to the production of document destruction/retention discovery (Skyline's Document Request No. 21) and Gulf must produce the requested discovery within 30 days from the date of this Order.

7. Defendant Skyline's Motion to Compel (Civil No. 02-3632, Doc. No. and Civil No. 02-3503, Doc. No. 38) is **GRANTED** as to Skyline's Document Request No. 13 and Interrogatory No. 14 **[*18]** and Gulf must produce the requested discovery/privilege log within 30 days from the date of this Order.

Dated: October 20, 2003

SUSAN RICHARD NELSON

United States Magistrate Judge

Source: Legal > Cases - U.S. > **Federal & State Cases, Combined** [i]
Terms: **"fed. r. civ. p. 26(a)(1)(d)" /p reinsurance or captive** (Edit Search | Suggest Terms for My Search)
View: Full
Date/Time: Thursday, August 3, 2006 - 1:28 PM EDT

* Signal Legend:
⬤ - Warning: Negative treatment is indicated
[Q] - Questioned: Validity questioned by citing refs
⚠ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
[A] - Citing Refs. With Analysis Available
[I] - Citation information available
* Click on any *Shepard's* signal to *Shepardize*® that case.

 **LexisNexis**®  About LexisNexis | Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.