# EXHIBIT 9

# DEFENDANTS RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

In re:

ALLIED HOLDINGS, INC., et al.,

Debtors.

Chapter 11

Case Nos. 05-_12515_ through 05-_12537_
Jointly Administered

Judge _DRAKE_



ORDER ENFORCING SECTIONS 362 AND 525
OF THE UNITED STATES BANKRUPTCY CODE

This matter is before the Court on the motion of Allied Holdings, Inc., Allied Automotive Group, Inc., Allied Systems, Ltd (L.P.), Allied Systems (Canada) Company, QAT, Inc., RMX LLC, Transport Support LLC, F.J. Boutell Driveaway LLC, Allied Freight Broker LLC, GACS Incorporated, Commercial Carriers, Inc., Axis Group, Inc., Kar-Tainer International LLC, Axis Netherlands, LLC, Axis Areta, LLC, Logistic Technology, LLC, Logistic Systems, LLC, CT Services, Inc., Cordin Transport LLC, Terminal Services LLC, Axis Canada Company, Ace Operations, LLC, and AH Industries Inc., debtors and debtors-in-possession herein (collectively, the "Debtors") requesting an entry of an order pursuant to Sections 362 and 525 of the Bankruptcy Code enforcing the Bankruptcy Code's automatic stay and anti-discrimination provisions (the "Motion").

The Court has considered the Motion, the Declaration of Thomas H. King in Support of First Day Motions, and the matters reflected in the record of the hearing held on the Motion.

It appears that the Court has jurisdiction over this proceeding; that this is a core proceeding; that notice of this Motion has been provided to the Office of the United States Trustee, the Securities and Exchange Commission, counsel for the collateral agent for the Debtors' prepetition secured lenders, the indenture trustee for Debtors' senior note holders, counsel for the ad hoc committee of senior note holders, the Tolling Authorities (as such term is defined in the Motion) and the Debtors' forty largest unsecured creditors on a consolidated basis; that no proposed debtor-in-possession lenders, counsel to the Agent for the Debtors' further notice is necessary; that the relief sought in the Motion is in the best interests of the Debtors, their estates, and their creditors; and good and sufficient cause exists for such relief.

Accordingly, it is hereby ORDERED as follows:

1. The Motion is GRANTED.

2. Except as provided under the Bankruptcy Code, all persons (including individuals, partnerships and corporations, and all those acting for or on their behalf), and all foreign or domestic governmental units (and all those acting for or on their behalf), subject to the jurisdiction of this Court, are hereby stayed, restrained and enjoined from taking any of the following actions without further Order of this Court:

(a) Commencing or continuing any judicial, administrative or other proceeding against the Debtors, including the issuance or employment of process, that was or could have been commenced before any of the Debtors' Chapter 11 cases were commenced, or recovering a claim against any of the Debtors that arose before the commencement of any of their Chapter 11 cases;

(b) Enforcing a judgment obtained before the commencement of any of the Debtors' Chapter 11 cases against any of the Debtors or against property of any of the Debtors;

(c) Taking any action to obtain possession of property of any of the Debtors or of property from any of the Debtors or taking any action to exercise control over property of any of the Debtors;

(d) Any attempt to create, perfect or enforce a lien against property of the estate;

(e) Taking any action to create, perfect or enforce any lien against property of any of the Debtors, to the extent that such lien secures a claim that arose before the commencement of any of the Debtors' Chapter 11 cases;

151943l_3.DOC

- 2 -

(f) Taking any action to collect, assess or recover a claim against any of the Debtors that arose before the commencement of any of their Chapter 11 cases;

(g) Offsetting any debt owing to any of the Debtors that arose before the commencement of any of the Debtors' Chapter 11 cases against any claim against any of the Debtors; and/or

(h) Commencing or continuing any proceeding before the United States Tax Court concerning any of the Debtors.

3. Except as provided under the Bankruptcy Code, all persons and all foreign and domestic governmental units, and all those acting on their behalf, including sheriffs, marshals, constables, and other or similar law enforcement officers and officials, subject to the jurisdiction of this Court, are stayed, restrained and enjoined from, in any way, seizing, attaching, foreclosing upon, levying against or in any other way interfering with any and all of the property of any of the Debtors, wherever located, absent further Order of this Court.

4. Nothing in this Order shall affect the exceptions to the automatic stay contained in Section 362(b) of the Bankruptcy Code or the right of any party in interest to seek relief from the automatic stay in accordance with Section 362(d) of the Bankruptcy Code, or other specific Sections of the Bankruptcy Code that may contain exceptions to the enforcement or effect of the automatic stay.

5. Pursuant to Section 525 of the Bankruptcy Code, all governmental units subject to the jurisdiction of this Court are prohibited and enjoined from denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to, condition such a grant to, or discriminate with respect to such a grant against, any of the Debtors solely because one or all of the Debtors: (i) are debtors under the Bankruptcy Code; (ii) may have been insolvent before the commencement of the Debtors' Chapter 11 cases; or (iii) may be insolvent during the pendency of the Debtors' Chapter 11 cases.

6. This Order is intended to be declarative of, and shall neither abridge, enlarge nor modify, the rights and obligations of any party under Sections 362 and 525 of the Bankruptcy Code.

SO ORDERED this ____1____ day of ____August____, 2005.

_____/s/_____
UNITED STATES BANKRUPTCY JUDGE

Prepared and presented by:

/s/ Jeffrey W. Kelley
Ezra H. Cohen (GA State Bar No. 173800)
Jeffrey W. Kelley (GA State Bar No. 412296)
Harris B. Winsberg (GA State Bar No. 770892)

TROUTMAN SANDERS LLP
Bank of America Plaza
600 Peachtree Street, N.E. - Suite 5200
Atlanta, Georgia 30308-2216
Telephone No.: (404) 885-3000
Facsimile No.: (404) 885-3900

- and -

Mitchel H. Perkiel, Esq. (*Pro Hac Vice* Pending)
TROUTMAN SANDERS LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Telephone No.: (212) 704-6000
Facsimile No.: (212) 704-6288

PROPOSED ATTORNEYS FOR THE DEBTORS